**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 24, 2012

Lyle W. Cayce
Clerk

No. 11-50998
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

G. B. BUTCH COLEMAN, JR.,

Defendant–Appellant.

Appeals from the United States District Court
for the Western District of Texas
USDC No. 2:09-CR-690-6

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

G.B. Butch Coleman, Jr., has appealed his sentence for conspiracy to possess with intent to distribute five kilograms or more of cocaine. Coleman was convicted by a jury and sentenced to a 168-month term of imprisonment, with credit for time served in custody, and a five-year term of supervised release. He argues that his sentence, which is at the mid-range of the applicable guidelines range, is substantively unreasonable. He does not suggest that the district court committed a procedural error in calculating the applicable guidelines range, but

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

he contends that his sentence is unreasonable under *Kimbrough v. United States*, 552 U.S. 85, 109-10 (2007), because the drug-trafficking guidelines lack an empirical basis and the assignment of offense levels based on drug quantities causes drug couriers such as himself to receive unreasonably high sentences. He urges that a below-guidelines sentence would be appropriate because he presents little risk of recidivism and he has a stable work record, no prior criminal convictions, and a history of religious and charitable activities.

Generally, we review criminal sentences for reasonableness under an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). If, however, a defendant failed to object to an error at sentencing, we will review the issue for plain error only. *Puckett v. United States*, 556 U.S. 129, 135 (2009). A sentence that falls within a defendant's properly calculated guidelines range is entitled to a rebuttable presumption of reasonableness. *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). Coleman raised his appellate arguments for a below-guidelines sentence during the sentencing hearing, but he did not object to the reasonableness of his sentence. We need not resolve whether plain error review applies because Coleman's sentence may be affirmed under either standard. *Compare United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007) (holding that a defendant's failure to object to the reasonableness of his sentence limits this court's review to plain error), with *United States v. Rodriguez*, 523 F.3d 519, 525-26 & n.1 (5th Cir. 2008) (reviewing for abuse-of-discretion a district court's denial of a below-guidelines sentence in a case where the defendant presented detailed assertions and testimony in support of the variance but did not specifically object to the reasonableness of his sentence).

*Kimbrough* does not require either district courts or appellate courts to conduct "a piece-by-piece analysis of the empirical grounding behind each part of the sentencing guidelines." *United States v. Duarte*, 569 F.3d 528, 530 (5th Cir. 2009). A presumption of reasonableness applies to a within-guidelines

sentence regardless of whether it is supported by empirical data. *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009).

The district court considered Coleman's sentencing arguments and evidence and the 18 U.S.C. § 3553(a) factors before determining that a within-Guideline sentence was appropriate. Coleman has not shown that the district court considered any irrelevant or improper factors, that it made an error in judgment in weighing the § 3553(a) factors, or that it did not account for a factor that should receive significant weight. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). The district court did not abuse its discretion in imposing a sentence within the advisory guidelines range. *See Gall*, 552 U.S. at 50-51.

Accordingly, the judgment of the district court is AFFIRMED.